**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THE PEOPLE OF THE STATE OF NEW YORK

        Plaintiff,

v.                                                No. 14-CV-1585
                                                           (MAD/CFH)

DELYN AARON LATNIE

        Defendant.

---

**APPEARANCES:**                            **OF COUNSEL:**

DELYN AARON LATNIE
Defendant, Pro Se
2198 Central Avenue
Schenectady, New York 12304

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a notice of removal, together with an application to proceed in forma pauperis ("IFP"), submitted for filing by Delyn Aaron Latnie. Dkt. Nos. 1-2. Liberally construing the submission, it appears that Latnie is removing a criminal proceeding, pursuant to admiralty law, from State Court. Dkt. No. 1 at 1 (caption indicating the case is a "Maritime Penal Action") and 2 (explaining that jurisdiction "owes its existence primarily to the quasi criminal, maritime penal charges against [Latnie] . . . ."). For the following reasons, the motion for IFP is denied and dismissal of the action is recommended.

## II. DISCUSSION

### A. In Forma Pauperis Application

Turning first to Latnie's IFP application, the application is presently incomplete. Latnie has failed to use the form application created by the district, instead providing a document which he created and in which he cites to various federal statutes. Dkt. No. 2. However, no where in the one page document does Latnie address his present financial status, including past or present employment or other sources of income such as gifts, pensions or government subsidies; savings; ownership interests, including savings accounts, real estate or other valuable property; or dependants. Without knowing this information, the Court is unable to determine whether the motion for IFP should be granted or denied. Therefore, at this time, the application is denied.

Normally, the court would recommend that Latnie submit a completed application for further consideration. However, because of the undersigned's recommendation for dismissal of the case, any such finding would be rendered moot. If, in the event the district judge does not adopt this Report and Recommendation and the case continues, Latnie may chooses to submit a completed application which will be considered in due course.[1]

---

[1] Even assuming the Court were to grant plaintiff's request for IFP status, the notice of removal would still have been recommended to be dismissed. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. For the reasons cited infra, pursuant to the Court's review as mandated by the removal statute, dismissal is recommended.

### B. Plaintiff's Notice of Removal

The removal statute requires a district court to examine a notice of removal to determine its viability in federal court. 28 U.S.C. § 1455(b)(4). Pursuant to this review, it is recommended that the present action be dismissed.

Latnie's underlying state court action appears to be a proceeding arising out of the Colonie Justice Court. Dkt. No. 1 at 2. In the sixty plus pages submitted in support of the notice of removal, it is unclear, at best, what relief Latnie seeks and on what basis it should be granted. While Latnie fails to attach the underlying state court proceeding papers or provide any factual background on the criminal action, it appears that Latnie was charged with trespass in the third degree. Dkt. No. 1 at 7 ("Petitioner is Trustee of Latnie Family Trust . . . that holds Legal and Lawful Title to the premises he was alleged to have committed the penal offense of 'Trespass in the third degree' on."). Latnie then contends "that he was held captive approximately 100 days in Albany County Correctional Facility for the presumed Maritime Contract dispute [Latnie] has been forcibly made subject to." Dkt. No. 1 at 7. Latnie makes consistent mention throughout the notice of removal that the state court action is controlled by maritime and admiralty law. See e.g. Dkt. No. 1 at 2, 3, 5, 7. It is unclear when the underlying criminal procedure occurred, though dates on the attached papers indicate what purports to be a power of attorney and hold harmless agreement signed on or about September 15, 2014 (Dkt. No. 1 at 25) and a second "Fiduciary Appointment and Authorization" naming Latnie and the Albany County District Attorney, Public Defender, and Colonie Justice Town Court Judge and Clerk dated September 30, 2014 (Dkt. No. 1-1 at 23, 28). Research by the undersigned indicates that, in a District of Delaware opinion denying Latnie Delyn Aaron's request for a habeas petition, Aaron "filed

the instant application for . . . habeas [relief], alleging that he ha[d] been unlawfully imprisoned in the Albany County Correctional Facility since August 19, 2014." Aaron v. The Hon. Peter G. Crummey, No. 14-1218-SLR (D. Del. Dec. 15, 2014) available at http://www.leagle.com/decision/In%20FDCO%2020141217A78.xml/AARON%20v.%20CRUMMEY (last visited January 6, 2015). This appears to be the underlying criminal action referenced in the instant petition and the August incarceration seems consistent with the additional documents included in support of the notice of removal.

Certain criminal prosecutions may be removed from state to federal court pursuant to 28 U.S.C. § 1443. Section 1455 provides the procedures for removal of qualifying criminal prosecutions. The procedure begins with the state court defendant filing a notice of removal in the appropriate district court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). The notice must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." Id. § 1455(b). An exception may be made for an untimely filing in the event good cause has been shown. Id. The district court is directed that "[i]f it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." Id. § 1455(b)(4).

The types of cases which are removable pursuant to this statute are extremely limited.

> Section 1443(1) provides for the removal of civil actions or criminal prosecutions that are commenced in state court if the defendant "is denied or cannot enforce in the courts or such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" . . . A party removing an action pursuant to [that provision] must satisfy a two-part test established by the Supreme Court in Georgia v. Rachel,

> 384 U.S. 780, . . . "First, it must appear that the right allegedly
> denied the removal petitioner arises under a federal law 'providing
> for specific civil rights stated in terms of racial equality.'" . . . [such
> as] those laws that are couched in terms of equality, such as the
> historic and the recent equal rights statutes [e.g., the Civil Rights
> Act of 1964], as distinguished from laws, of which the due process
> clause and 42 U.S.C. § 1983 are sufficient examples, that confer
> equal rights in the sense, vital to our way of life, of bestowing them
> upon all . . . [and s]econd, it must appear on the face of the notice
> [t]hat the removal petitioner is "denied or cannot enforce" the
> specified federal rights "in the courts of (the) State." This provision
> normally requires that the "denial be manifest in a formal
> expression of state law," such as a state legislative or constitutional
> provision, "rather than a denial first made manifest in the trial of the
> case."

New York v. Best, No. 14-CV-3634, 2014 WL 5305991, at *1-*2 (E.D.N.Y. Oct. 15, 2014) (internal quotations and citations omitted). The Best court went on to illustrate this point, explaining that removal was appropriate where "the criminal trespassing charge at issue . . . was dispensed for attempting to obtain service at a place of public accommodation, conduct explicitly protected by the Civil Rights Act of 1964," as opposed to a situation where removal was inappropriate where a defendant, accused of murder, was attempting to claim that a federal law legalized the conduct for which he was charged. Id., 2014 WL 5305991, at *2 (citations omitted).

In the present case, Latnie's notice of removal fails for multiple reasons. First, it was improperly filed. It did not include the underlying state court documents as required by the federal rules. Second, it was untimely filed. If Latnie was incarcerated in August of 2014, and the arraignment and trial occurred prior, the notice for removal needed to be filed with the Northern District by September or October of 2014. Instead, the petition was not filed until December 29, 2014, months after the statute permits. Further, Latnie has proffered no good cause for these failures which would absolve him from the untimely filing. Accordingly,

-5-

the petition should be remanded.

Further, the substance of the petition is insufficient to raise it to into the narrow circumstances permitted for removal pursuant to section 1443. To the extent that the notice can be deciphered, there is no reference to civil rights laws or to the laws providing for racial equality as required for removal. The charged crime appears to be trespassing, which also does not intimate to the undersigned any bases for removal based on civil rights or racial equality. These deficiencies are fatal to removal.

Section 1455 provides that, if after prompt examination "it clearly appears on the face of the notice and any exhibits attached thereto, that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b). For the reasons cited above, it is clear that removal is not appropriate. However, the court cannot remand a case that may or may not exist. The defendant's notice in this case is so unclear that this court can only guess where and why defendant is being prosecuted; accordingly, this court will recommend dismissing the action.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that, in the event the District Judge does not agree with the instant recommendation, the Clerk provide Latnie with a new IFP application form; and it is further,

**ORDERED** that within thirty (30) days of the date of the provision of any such application, Latnie resubmits a complete application or pays the full $400.00 filing fee. If plaintiff fails to provide a complete IFP application or pay the filing fee in full within the thirty (30) days, the case will be forwarded to the District Court judge for dismissal; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1455, the action be **DENIED and DISMISSED**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 7, 2015
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge