**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THE PEOPLE OF THE STATE OF NEW YORK,**

                **Plaintiff,**

vs.                                   **1:14-cv-1585
                                         (MAD/CFH)**

**DELYN AARON LATNIE,**

                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**DELYN AARON LATNIE**
2198 Central Avenue
Schenectady, New York 12304
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On December 29, 2014, Defendant Delyn Aaron Latnie filed a notice of removal which, liberally construed, seeks to remove a criminal court action from the Town of Colonie Justice Court. *See* Dkt. No. 1. In a Report-Recommendation and Order dated January 7, 2015, Magistrate Judge Hummel denied Plaintiff's application to proceed *in forma pauperis* ("IFP") and recommended that the Court dismiss Latnie's action. *See* Dkt. No. 3. Specifically, Magistrate Judge Hummel concluded that removal should not be permitted because Latnie's notice was improperly filed, was untimely, and did not satisfy the requirements for removal of a criminal prosecution set forth in 28 U.S.C. § 1443. *See id.* at 5-6. Latnie did not object to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the

district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Pursuant to 28 U.S.C. § 1443, a defendant may remove two types of criminal prosecutions commenced in a state court to a federal district court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) "(f)or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. A defendant desiring such removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." *Id.* § 1445(a). The defendant shall file the notice "not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier," except for good cause shown. *Id.* § 1445(b)(1).

Having carefully reviewed the thorough and well-reasoned Report-Recommendation and Order, Latnie's submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that Latnie's notice of removal was improperly and untimely filed and did not contain allegations satisfying the requirements for removal. Furthermore, the Court agrees with Magistrate Judge Hummel's conclusion that although summary remand would ordinarily be appropriate, the Court has insufficient information about the criminal prosecution to order a remand. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 3) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Latnie in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge